IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-276-D

| | | |
|---|---|---|
| AMY L. WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

On March 6, 2012, Magistrate Judge Webb issued a memorandum and recommendation ("M&R"). M&R [D.E. 52]. In the M&R, Judge Webb recommended that the court deny Amy L. Webb's ("Webb" or "plaintiff") motion for judgment on the pleadings [D.E. 47] and grant Michael J. Astrue's ("Commissioner" or "defendant") motion for judgment on the pleadings [D.E. 49]. On March 20, 2012, Webb objected to the M&R. Pl.'s Obj. [D.E. 53].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and Webb's objections. As for those portions of the M&R to which no party objected, the court is satisfied that there is no clear error on the face

of the record. The court has reviewed de novo the portions of the M&R to which Webb objected.

First, Webb objects to Judge Webb's determination that substantial evidence supported the ALJ's decision to discredit Webb. See Pl.'s Obj. 1–2; cf. Tr. 16–17. However, Judge Webb correctly concluded that there was substantial evidence to support the ALJ's rejection of Webb's statements about her physical limitations. M&R 11–13. For example, Webb testified that her rheumatoid arthritis prevented her from using her hands, caused her severe pain, and interfered with most aspects of her life. Tr. 75–82. However, the medical evidence did not support Webb's claims about the severity of her symptoms. See Tr. 16. Accordingly, this objection is overruled.

Second, Webb objects to Judge Webb's determination that substantial evidence supported the ALJ's decision to discredit the opinion of Webb's treating physician. See Pl.'s Obj. 2; cf. Tr. 17. However, Judge Webb correctly concluded that there was substantial evidence to support the ALJ's rejection of Webb's treating physician's opinion. M&R 13–14. The ALJ determined that Webb's treating physician's opinion was not entitled to significant weight because Webb's treating physician's medical records contradicted the treating physician's opinion and because the treating physician had not updated her opinion, despite Webb's condition having improved. Tr. 16–17.

In sum, the court OVERRULES Webb's objections [D.E. 53] and adopts the M&R [D.E. 52]. The court GRANTS the Commissioner's motion for judgment on the pleadings [D.E. 49], DENIES Webb's motion for judgment on the pleadings [D.E. 47], and AFFIRMS the Commissioner's final decision.

SO ORDERED. This _3_ day of May 2012.

JAMES C. DEVER III
Chief United States District Judge